UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | NO. 04-10289-MLW |
| TIMOTEO ROSAS ANGUILUD ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT TIMOTEO ROSAS ANGUILUD'S SENTENCING MEMORANDUM**

Now comes defendant TIMOTEO ROSAS ANGUILUD, through counsel, and hereby submits this Memorandum in preparation for his sentencing.

**I.   Mr. Anguilud's Position Regarding his Guideline Sentencing Range**

As set forth in the Pre-Sentence Report (PSR), the Probation Officer has calculated the Guideline Sentencing Range (GSR) to be 15 to 21 months. In arriving at this GSR, the Probation Officer contends that pursuant to U.S.S.G. § 2L1.1(a)(2), the base offense level attributable to Mr. Anguilud is 12. The base offense level is then adjusted by three (3) points on the grounds that the offense involved the transporting of sixteen (16) unlawful aliens. The adjusted offense level is then reduced by two (2) levels for acceptance of responsibility, thereby making the total offense level 13.

Before addressing the criminal history category assigned to Mr. Anguilud, an objection to the total offense level calculation contained in the PSR must be renewed. Defendant respectfully suggests that a mitigating role adjustment of three (3) levels should be given to Mr. Anguilud. As set forth in his objections to the Pre-Plea PSR, Mr. Anguilud has a familial connection with his co-defendant, Jose Marcilio Cavazos (¶ 58). Through this familial network, Mr. Anguilud believes that

Mr. Cavazos learned that Mr. Anguilud's legitimate[1] metal recycling business was experiencing economic trouble and therefore offered the defendant the opportunity for temporary work as a helper on these people transport runs. Further, Mr. Anguilud was merely the "backup driver" or "co-pilot" in this venture without any connection to the owners of the transport company except through his brother-in-law. Finally, the PSR indicates that Mr. Anguilud was paid only $110.00 per day for his participation in this venture (¶ 17).

Defendant respectfully submits, therefore, that his total offense level should actually be 10 (with an adjusted offense level of 15 – base offense level of 12, plus 3 pursuant to U.S.S.G. § 2L1.1(b)(2)(A) – and reductions for a mitigating role (-3) and for acceptance of responsibility (-2)).

Turning to the calculation of defendant's Criminal History Category, it is defendant's position that the criminal history category in this case substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. The defendant is assessed a point for each of two (2) "operating under the influence" offenses which occurred in the 2000 and 2001. These offenses – while serious – are more indicative of underlying emotional or social problems the defendant was experiencing at that time, rather than evidence of a criminal character supporting an inference of limited likelihood of successful rehabilitation. The PSR indicates that defendant states he has learned from his behavior and punishment and banished drinking and driving from his life (¶ 72). The PSR describes a person who, despite the burdens of poverty, lack of education, limited opportunity and immigrant status, has worked long and lawfully

---

[1] Paragraphs 75, 84, and 85 of the pre sentence report document the modest earnings and legitimate nature of the defendant's metal recycling business as well as the fact that the earnings were reported to the government.

to support his family – as well as a disabled orphan who Mr. Anguilud took into his home and raised as a son.

As the Criminal History Category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that he will commit other crimes, it produces a sentence that is greater than necessary to achieve deterrence. See U.S.S.G. § 4A1.3(b)(1); 18 U.S.C. § 3553(a)(2)(B). The Indictment does not allege that Mr. Anguilud was previously convicted of any crime, nor did he admit to any previous convictions in his plea colloquy. Thus, if any fact other than a prior conviction were at issue, the Court would be required by United States v. Booker to apply the applicable sentencing guideline as advisory. It is defendant's position that the majority of the Supreme Court is poised to overrule the "prior conviction exception" found in United States v. Almendarez-Torres. The Court should therefore apply the doctrine of constitutional avoidance to hold that, since no facts of a prior conviction were proved or admitted, the finding of criminal history points must be advisory.

It is therefore Mr. Anguilud's position that with a total offense level of 10, and a CHC of I, his GSR is 6-12 months.

**II.     Mr. Anguilud's Sentence After Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a)**

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in United States v. Booker / United States v. Fanfan, 125 S.Ct. 738 (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a

sentence pursuant to 18 U.S.C. § 3553(a). Defendant therefore submits that a sentence of time served is appropriate.

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that "when put side by side, the Guideline provisions and statutory provisions under section 3553(a) often contradict one another." United States v. Myers, 2005 U.S. Dist. LEXIS 1342 (S. D. Iowa Jan. 26, 2005) (citing United States v. Ranum, 2005 U.S. Dist. LEXIS 1338 (E.D. Wis. Jan 14. 2005)). For example, under the Guidelines, courts are generally prohibited from considering the defendant's age (§ 5H1.1), education and vocational skills (§ 5H1.2), socio-economic status (§ 5H1.10), or lack of guidance as a youth (§ 5H1.12). Section 3553(a)(1), however, requires a Court to consider these factors, as they compose the "history and characteristics" of a particular defendant and are necessary components to an individualized sentence. As explained more fully below, a sentence of time served is therefore appropriate and adequate.

Section 3553(a)(1) requires the Court to consider the history and characteristics of the defendant. In the present case, Mr. Anguilud has led an otherwise law-abiding life and has worked hard at very low paying jobs to try to support what are in effect two families (his family with his first wife, Celsa Morales, and with his current girlfriend, Isabel Bustos). As the PSR indicates, Mr. Anguilud reported his income from his metal recycling business and tried to meet his obligations honestly and to the best of his ability. A sentence of time served would be adequate given Mr. Anguilud's history and characteristics.

The nature and circumstances of the offense also warrant a sentence that is lower than the advisory GSR. It is significant to note that the United States Attorney's Office in Houston, Texas has

declined to prosecute the "higher level" participants in this alien transport scheme. Additionally, the indictment does not charge any acts of violence toward the transported aliens, nor that any injuries were incurred as a result of Mr. Anguilud's actions. Further, this offense is a deviation from an otherwise law-abiding life. A sentence of time served is therefore appropriate.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence of time served would adequately take these four factors into consideration.

Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is Mr. Anguilud's position that a sentence of time served does reflect the seriousness of the offense and provides just punishment. Defendant has already been in custody since August 27, 2004 – therefore, he has already served almost one year of any sentence imposed. Given the low level of Mr. Anguilud's participation in the offense, Mr. Anguilud has already served a sentence that reflects the seriousness of the offense.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct. While a sentence of time served is shorter than the GSR of 15 to 21 months suggested by the Probation Officer, it still affords adequate deterrence to criminal conduct

for Mr. Anguilud. As the conduct charged in this case represents a deviation from an otherwise law-abiding life, the year that Mr. Anguilud has already spent in custody has most certainly deterred him from engaging in criminal conduct in the future.

Section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant. Mr. Anguilud has a relatively minor criminal history which, as discussed more fully above is more indicative of substance abuse than criminality, and his current offense did not involve any violent acts or other behavior directly injurious to the public. The concern that the public needs to be protected from potential further crimes of the defendant is minimal in this situation.

Finally, § 3553(a)(2)(D) requires the Court to impose a sentence that provides the defendant with educational or vocational training as needed. Mr. Anguilud needs no further education or vocational training. He has learned from his stay in jail during his pre-trial detention.

Given the facts stated above defendant suggests that a sentence of time served is appropriate. Further, defendant notes that should he be sentenced to time-served, his sentence would effectively be for less than one year (as he was arrested on August 26, 2004). Therefore, a term of supervised release would not be necessary under the Guidelines (¶ 92).

                Respectfully submitted,
                **TIMOTEO ROSAS ANGUILUD**
                By his attorney,

                /s George F. Gormley
                George F. Gormley
                *George F. Gormley, P.C.*
                655 Summer Street
                Boston, MA 02210
                (617) 478-2750
                BBO# 204140

**Dated**:      August 16, 2005